UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EAAN SILCOX, as Personal
Representative of the Estate of Aaron
John Silcox,

      Plaintiff,

v.                                  Case No. 3:16-cv-1509-J-32MCR

MARK HUNTER, in his official
capacity as Columbia County Sheriff
and DILLON WESLEY MOORE,

      Defendants.

## O R D E R

This civil rights and wrongful death action is before the Court on Plaintiff Eaan
Silcox's Motion to Strike Defendant Sheriff Mark Hunter's Seventeenth Affirmative
Defense (Doc. 18), to which Hunter responded (Doc. 19).

## I.    BACKGROUND[1]

On June 13, 2015, Columbia County Sheriff's deputies arrested Aaron John
Silcox for traffic offenses, probation violation, and possession of less than 20 grams of
marijuana. At the time of his arrest, Silcox informed the deputies that he was suicidal,
and on June 14, 2015, he was taken to Meridian Behavioral Healthcare pursuant to
the Baker Act, Fla. Stat. § 394.463. The following day, Silcox was transferred to
Columbia County Detention Facility, where he was confined alone in a cell equipped

_____

[1] The facts included in the Background section have been taken from the
allegations of the Complaint. (Doc. 1).

with a closed circuit video surveillance camera. Dillon Wesley Moore, a detention officer at the Facility, was assigned to monitor Silcox. On June 18, 2015, Silcox committed suicide by hanging himself in his cell.

On December 6, 2016, Plaintiff Eaan Silcox, as personal representative of the Estate of Aaron John Silcox, filed a two-count complaint against Defendants Mark Hunter and Dillon Wesley Moore, alleging violations of 42 U.S.C. § 1983 (Count I, against Hunter and Moore) and the Florida Wrongful Death Act (Count II, against Hunter). (Compl., Doc. 1). Moore filed an Answer and Affirmative Defenses on January 19, 2017 (Doc. 6), and Hunter filed an Amended Answer and Affirmative Defenses on February 7, 2017 (Doc. 13). Plaintiff filed a motion to strike Hunter's seventeenth affirmative defense under Rule 12(f), Fed. R. Civ. P., (Doc. 18), which Hunter opposes (Doc. 19).

## II.   ANALYSIS

Rule 12(f) provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." Adams v. JP Morgan Chase Bank, N.A., No. 3:11-CV-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (quoting Thompson v. Kindred Nursing Centers East, LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla.

2002) (citing <u>Anchor Hocking Corp. v. Jacksonville Elec. Authority</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Moreover, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." <u>Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp.</u>, No. 97–2866–CIV–T–17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Finally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." <u>Id.</u>

> Hunter's seventeenth affirmative defense states:

> > Plaintiff's claims are, in part or in whole, based on medical care provided to the decedent. Accordingly, Count II of Plaintiff's Complaint are [sic] barred by the applicable statute of limitations and Plaintiff's failure to comply with the notice and pre-suit requirements of Florida's medical malpractice law.

(Doc. 13 at 7 ¶ 17). The parties agree that Plaintiff has not alleged claims under Florida's medical malpractice statute. (Doc. 18 at 3) ("Plaintiff's claims are not based on medical negligence."); (Doc. 19 at 3) ("Plaintiff is correct that he 'did not raise any claims under Florida's medical malpractice statutes, Chapter 766, Florida Statutes.'"). Plaintiff has not asserted claims against medical providers or staff (only the sheriff in his official capacity and the detention officer), and states that Hunter "does not . . . meet the statutory definition of a health care provider." (Doc. 18 at 5).

While Plaintiff asserts that discovery might reveal facts that could give rise to a medical negligence claim against health care providers, he states that at this time, there is no good-faith basis to plead such a claim. (Doc. 18 at 5-6). Thus, Hunter raises

this affirmative defense seemingly out of an abundance of caution, reasoning that Plaintiff's claims may in fact arise under the medical malpractice statute. However cautiously raised, this affirmative defense is nonetheless insufficient as a matter of law. See Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-CV-1745-T-30MAP, 2015 WL 5098877, at *3 (M.D. Fla. Aug. 31, 2015) (striking defendant's affirmative defense to an FCRA claim where the complaint never alleges a violation of the FCRA). An affirmative defense to a medical negligence claim cannot be said to bear a relationship to a complaint that does not allege a violation of the medical negligence statute, and therefore, Hunter's seventeenth affirmative defense is due to be stricken. See id. However, should Plaintiff timely amend the complaint to allege such a claim, Hunter is permitted to raise the affirmative defense should it become ripe.

Accordingly, it is hereby

**ORDERED:**

1.     Plaintiff Silcox's Motion to Strike Defendant Sheriff Mark Hunter's Seventeenth Affirmative Defense (Doc. 18) is **GRANTED**.

2.     Defendant Hunter's seventeenth affirmative defense (Doc. 13 at 7 ¶ 17) is **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of April, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

4

sj

Copies:

Counsel of record

5